**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

Civil Action No. 10-cv-01072-MSK-CBS

**CLAIRE L. HUCKFELDT,**

      Plaintiff,

v.

**BAC HOME LOANS SERVICING, LP, fka COUNTRYWIDE HOME LOANS SERVICING, LP;
CASTLE, MEINHOLD & STAWIARSKI, LLC; and
CRISTEL D. SHEPHERD, individually and in her Official Capacity as Attorney,**

      Defendants.

___

**OPINION AND ORDER DENYING MOTION TO ALTER JUDGMENT**
___

**THIS MATTER** comes before the Court pursuant to Ms. Huckfeldt's Motion to Alter Judgment **(# 117)**, Defendant BAC's response **(# 119)**, and Defendants CM&S and Ms. Shepherd's response **(# 120)**.

The Court assumes the reader's familiarity with the issues presented in this litigation, and incorporates the contents of its September 29, 2011 Opinion and Order **(# 114)** as appropriate. In summary, Ms. Huckfeldt brought claims for violations of the Fair Debt Collections Practices Act ("FDCPA") and Real Estate Settlement Procedures Act ("RESPA") against the Defendants arising out of two foreclosure actions brought against her in 2008 and 2009 by CM&S on behalf of BAC. (The first foreclosure action was aborted by CM&S after some confusion arose over the correct promissory note; the second foreclosure action was completed and resulted in a sale of the property to BAC.) The Court granted summary judgment to the Defendants, finding that:

1

(i) CM&S complied with Ms. Huckfeldt's request to verify the debt at the time of the 2008 foreclosure action, and that Ms. Huckfeldt was not entitled to have that debt verified again when the foreclosure action was re-commenced in 2009; (ii) Ms. Huckfeldt failed to show that the debt claimed by BAC was "illegal" in various respects; and (iii) BAC was not obligated to send Ms. Huckfeldt a notice of transfer of the debt when it simply changed its corporate name.

Ms. Huckfeldt moves (# 117) for reconsideration of the Court's Order, which the Court understands to be brought pursuant to Fed. R. Civ. P. 59(e). A thorough recounting of the matters she raises in that motion is not necessary; it is sufficient to observe that she does not claim to be in possession of any newly-discovered evidence, nor does she clearly contend that the Court misapprehended the nature of her claims or her arguments. Rather, she understands the Court's Order to "document[ ] what [the Court] needs from me to rule in my favor," and thus, "submit[s] the following facts and clarifications to enable [the Court] to do so."

The Court has carefully reviewed all of the issues raised by Ms. Huckfeldt, and finds that nearly all of them either simply re-assert arguments that the Court previously considered and addressed (*e.g.* that CM&S was operating as a debt collector under the FDCPA), or present matters that are irrelevant to the claims in the case (*e.g.* that BAC failed to honor a private mortgage insurance policy covering the property). Relief under Fed. R. Civ. P. 59(e) is appropriate where the Court "has misapprehended the facts, a party's position, or the controlling law," but it is not a mechanism "to revisit issues already addressed." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). As a result, the Court finds that Ms. Kenfield's motion does not present good grounds for reconsideration.

The Court will briefly address two issues raised in the motion, to the extent Ms.

Huckfeldt appears to be raising a new contention (or at least clarifying her prior argument on the point). First, she contends that the Defendants never "finished validating the debt" under the FDCPA, 15 U.S.C. § 1692g(b), insofar as they did not account for a substantial discrepancy between the amount they claimed was due and the amount Ms. Huckfeldt believed was due. As the Court explained, the verification process "is not intended to give the debtor a detailed accounting of the debt" or to bring the parties to a reconciliation over disagreements as to the amount owed. *Docket* # 114 at 13. Ms. Huckfeldt was provided with BAC's position as to the amount it believed was owed; this is all that the FDCPA requires.[1]

Second, Ms. Huckfeldt argues that she was entitled to a notice under RESPA, memorializing the transfer of her debt from Countrywide to BAC, because the payee name had changed. As the Court's Opinion explains, no notice is required for transfers that do not result in a change in payee, payment address, account number, or the amount of payments due. 24 C.F.R. § 3500.12(d)(1)(A), (B). Ms. Huckfeldt's instant motion contends that the transfer to BAC did result in a change to the payee name because an October 2008 letter to her from Countrywide (BAC's predecessor) instructed her that it would only accept payments made by wire transfer with Bank of America as the payee. This appears to be a mischaracterization of the record. The exhibit Ms. Huckfeldt refrences, Docket # 76-5, page 4, is a payoff statement issued by Countrywide. It advises Ms. Huckfeldt that, if she wishes to pay off her loan in its entirety, "payoff funds must be made payable to Countrywide Home Loans Servicing, LP and will be

---

[1] In any event, in note 8 of its opinion, the Court points out that Ms. Huckfeldt received a detailed explanation from BAC's predecessor as to its computation of the amount owed and the possible explanations for the discrepancy between the amount allegedly due and the amount Ms. Huckfeldt contended was owed.

accepted by WIRE or CERTIFIED FUNDS only." The notice further advises that if payment is to be made by wire, the funds should be sent to Bank of America; if they are being remitted by certified check, they may be sent to a Countrywide unit in Texas. The notice concludes with a statement that "Bank of America will not process or accept payments other than wire funds with respect to this account." That final statement does nothing more than clarify that the Bank of America address should only be used if she was remitting payoff funds by wire transfer; it does not purport to state that the payee name was suddenly "Bank of America." Indeed, as the first quote makes clear, funds "must be made payable to Countrywide Home Loans Servicing." Nothing in the record indicates that, when Countrywide changed its name to BAC, it no longer accepted payments made out to its former name, such that notice to Ms. Huckfeldt under RESPA would have been necessary.

Accordingly, Ms. Huckfeldt's Motion to Alter Judgment **(# 117)** is **DENIED**.

Dated this 19th day of September, 2012

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge